NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD TERRAN FURNACE, | No. 21-16985 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00420-DAD-BAM |
| v. | |
| B. COPE, Kern Valley State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 8, 2024**

Before: D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Plaintiff Edward Furnace appeals pro se the district court's dismissal with prejudice of his First Amendment, equal protection, and due process claims. We dismiss the appeal for lack of appellate jurisdiction.

"The courts of appeals . . . have jurisdiction of appeals from all final

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. Because "a 'final decision' is one that 'ends the litigation on the merits,'" a "district court order is therefore not appealable unless it disposes of all claims as to all parties . . . ." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

Here, the district court dismissed all but one of Furnace's claims with prejudice for failing to state a claim upon which relief may be granted. The district court allowed the case to proceed solely with respect to Furnace's unrelated excessive force claim. Furnace then voluntarily dismissed that excessive force claim without prejudice and filed this appeal.

Although voluntary dismissals without prejudice ordinarily do not create appealable final judgments, we held in *James v. Price Stern Sloan, Inc.* that "when a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction," the district court's judgment granting the motion to dismiss "is final and appealable under 28 U.S.C. § 1291." 283 F.3d 1064, 1070 (9th Cir. 2002). However, the *James* exception does not apply where there is clear evidence of the parties' attempt to "to create jurisdiction over an essentially interlocutory appeal." *Id.* at

1069; *see also Am. States Ins. Co. v. Dastar Corp*., 318 F.3d 881, 888 (9th Cir. 2003).

The *James* exception does not apply in this case because there is clear evidence of Furnace's attempt to create jurisdiction over an interlocutory appeal. In his response to this court's order to show cause regarding why this appeal should not be dismissed for lack of jurisdiction, Furnace argues that "the District Court's dismissal gave him permission to file an interlocutory appeal" before this court. Furnace contends that, if this court denies his response to show cause, he "request[s] that the case be remanded to the Eastern District Court, reasserting the [excessive force] claim [voluntarily] dismissed and returning jurisdiction there for purposes of trial." Furnace's response makes clear that this is an overt attempt to create jurisdiction over an interlocutory appeal. We therefore lack appellate jurisdiction.

Furnace's motion for appointment of counsel on appeal (Dkt. 31) is **DENIED**. Each party shall bear its own costs on appeal.

**APPEAL DISMISSED.**